STATE OF VERMONT
SUPERIOR COURT—ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| In re Kids' Cove of Wallingford, Inc. | } | Docket No. 118-7-10 Vtec |
| Conditional Use Appeal | } | (Appeal from Wallingford DRB |
| (Appeal of Martin & Amy Grover) | } | determination) |

## Judgment Order

This appeal concerns the application by Kids' Cove of Wallingford, Inc. ("Applicant") for conditional use approval for a change of use for a portion of the Masonic Lodge Building at 65 Main Street in the Town of Wallingford ("Town"). Applicant intends to make improvements to the first floor of the pre-existing Masonic Lodge, as shown on the revised site plan that was admitted at trial as Applicant's Exhibit C, so that Applicant may operate a preschool/daycare facility for up to forty-five children and seven staff/employees. None of the proposed improvements would change the exterior footprint of the building, although some improvements would be made on the site, including an expanded parking area, fencing, and landscaping, all as shown on the revised site plan.

When the Town of Wallingford Development Review Board ("DRB") approved the proposed change of use, Neighbors Amy and Martin Grover ("Appellants") appealed to this Court. Richard Savory, in his capacity as an owner/operator of a nearby, pre-existing daycare facility, appeared as an Interested Person in this appeal. The Town and Jay White, Michelle Kenny, and Rowan Muelling-Auer also appeared as Interested Persons, although they did not participate in the trial.

Prior to trial, the parties engaged a mediator and completed negotiations, with the assistance of their mediator; those negotiations resulted in the parties agreeing to minor modifications to the landscaping shown on the revised site plan (Applicant's Exhibit C, which the parties initialed on the day of trial). The parties' negotiations also resulted in an agreement that the substantive Questions from Appellants' Statement of Questions no longer needed to be addressed at trial, save for Appellants' Question 3, which specifically poses the following legal questions:

> [D]oes this application actually meet all the lot area yard and coverage requirements stated [for the Multiple Residential Zoning District (see Zoning Regulations for the Town of Wallingford, Vermont ("Regulations"), Article 4]. This [Article] also states that "Conditional uses may be

1

approved upon a finding by the Development Review Board that such use is of the same general character as those permitted and which will not be detrimental to the other uses within the district or to the adjoining land uses." How is the daycare already located across the street going to be affected financially by another daycare in close proximity?

Question 3 from Appellants' Statement of Questions, filed Aug. 18, 2010.

Prior to trial, the parties had also advised the Court that their negotiations had not resolved Appellants' Question 1, which essentially asked why the DRB had not rendered specific factual findings, as required by Regulations Article V, § 6, concerning specific conditional use determinations. However, the parties later agreed with the undersigned's suggestion that Question 1 need not be reviewed at trial, since the Court hears the appealed application on a de novo basis and will render its own findings and legal conclusions.

The Court conducted a trial on Thursday, February 24, 2011, at the Rutland Superior Court – Criminal Division Courthouse. Prior to trial, the undersigned conducted a site visit with Applicant's representatives, Appellants, and Mr. and Mrs. Savory, owners of the nearby pre-existing daycare. The site visit provided important context for the evidence that was admitted at trial.

The evidence at trial revealed that there was actually no dispute that Applicant's proposed improvements met all applicable lot yard and coverage limitations for the Multiple Residential Zoning District, particularly since no exterior expansion was being proposed for the pre-existing Masonic Lodge building. Thus, the majority of the Court's and the parties' trial discussions focused on the latter portion of Question 3, quoted above.

The Court and the parties spent considerable time prior to and during trial discussing whether the conditional use standards referenced in Appellants' Question 3 actually allowed the Court to consider the possible financial impacts of the proposed daycare upon the pre-existing daycare across Route 7. The Court later determined that it was not necessary to address this legal issue, since it determined that the evidence presented at trial convinced the Court that the proposed daycare facility is not likely to have a detrimental financial effect upon the pre-existing daycare. The Court's conclusion in this regard was directed, to some extent, by the fact that Appellants chose to put on no evidence on this legal issue; the facts asserted by Mr. Savoy in this regard were only general and speculative in nature and did not

2

contradict the testimony presented by Applicant's representative that its proposed daycare would have no detrimental effects.

Once all parties in attendance at trial had a full opportunity to present their testimony and other evidence, the Court took a brief recess to complete its deliberations. Thereafter, the Court rendered its Findings of Fact on the record, thereby addressing all factual issues remaining in dispute in this appeal. Based upon those Factual Findings, the Court does hereby **APPROVE** the conditional use application submitted on behalf of Kids' Cove of Wallingford, Inc., subject to the following conditions:

1. All improvements shall be completed in accordance with the revised site plan (Applicant's Exhibit C); no further or additional improvements may be made without first obtaining all necessary municipal, state and federal land use permits or approvals, where applicable.

2. All conditions imposed by the Wallingford DRB that were not appealed to and revised by this Court shall remain in full force and effect.

These proceedings are remanded to the Town of Wallingford Zoning Administrator, solely for the purpose of completing the ministerial act of issuing a zoning permit in conformance with this Judgment Order and the terms and conditions of the DRB's May 20, 2010 decision that were not disturbed by this appeal.

This completes the current proceedings before this Court.

Done at Newfane, Vermont, this 3rd day of March, 2011.


_____
Thomas S. Durkin, Environmental Judge